OF COUNSEL:
DAVIS LEVIN LIVINGSTON

STANLEY E. LEVIN    1152-0
400 Davis Levin Livingston Place
851 Fort Street
Honolulu, Hawaii 96813
Telephone: (808) 524-7500
Fax: (808) 545-7802

Attorney for Plaintiffs

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

APR 14 2008

at 3 o'clock and 45 min P M.
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LADDIE C., on behalf of his minor son, JOSHUA C., <br><br> Plaintiffs, <br><br> vs. <br><br> DEPARTMENT OF EDUCATION, STATE OF HAWAII, <br><br> Defendant. | Civil No. CV08 00167 DAE-KSC <br> (Other Civil Action) <br><br> COMPLAINT; EXHIBIT "A" AND SUMMONS |

## COMPLAINT

COME NOW, Plaintiffs, JOSHUA C. by and through his parent, LADDIE C., above-named and for a complaint against the defendants, allege and aver as follows:

1. This court has jurisdiction over this case pursuant to 20 U.S.C. Section 1415 and 28 U.S.C. Section 1343.

## VENUE

2. Venue is appropriate in Hawaii because all of the events described herein occurred in the State of Hawaii and all parties reside in the State of Hawaii.

## PARTIES

3. Plaintiffs JOSHUA C. by and through his parent, LADDIE C., who is the legal parent of JOSHUA C. and is his guardian ad litem for the purposes of this action.

4. JOSHUA C. has been classified as a child with a learning disability. Since he entered public preschool, and at all times relevant to this action, he has been certified as eligible for special education in the State of Hawaii. JOSHUA is entitled to a free appropriate public education ("FAPE") under the IDEA and under Section 504 of the Rehabilitation Act of 1973, 20 U.S.C. Section 794.

5. Defendant DEPARTMENT OF EDUCATION ("DOE"), STATE OF HAWAII ("Defendant") is the department or agency of the State of Hawaii responsible for providing special education and related services under the IDEA, 20 U.S.C. Section 1401 et. seq. to JOSHUA C.

## FACTS

6. For the past two years Joshua has been attending Variety School at public expense.

7. At its meeting held for the IEP for the 2006-2007 school year, the IEP decided that Joshua should return to public school, i.e. Stevenson Intermediate School.

8. On May 22, 2006, Parent filed a Request for Impartial Due Process Hearing. In part Parents asked for continued placement at Variety School, a small private special education school serving children with special needs up to 13 years old among other things.

9. On December 20, 2006, a motion was filed at the Administrative Level to dismiss the matter based on a belief that the Hearings Officer's jurisdiction had lapsed.

10. By Order dated December 31, 2006 the case before the Administrative Hearings Branch was dismissed.

11. On January 19, 2007 Plaintiff filed an appeal in this Court.

12. On September 6, 2007, Federal Judge J. Michael Seabright reversed the Administrative Hearings Officer's December 31, 2006 Order and remanded the case back to the Administrative Level.

13. It should be noted that at the time of the remand the 2006-2007 school year had been completed and Joshua remained at Variety School at DOE expense thus, through legal means, Parents received part of the remedy requested in their hearing request, i.e. continued placement at Variety School at DOE expense for the 2006-2007 school year.

14. On January 18, 2008, DOE filed a motion to dismiss Parents' claims related to the placement at Variety School because the remedy had already been received thus making that issue moot.

15. On January 29, 2008 over the objections of Parents the Hearings Officer granted DOE's motion. The remaining issue related to reimbursement for the cost of to the Parents to transport Joshua to and from school on a daily basis would go forward to a hearing.

16. On January 30, 2008 a hearing was convened on the sole remaining issue.

17. On February 25, 2008, the Hearings Officer entered her decision in favor of the Parents finding that Parents had proved by a preponderance of the evidence that transportation services provided by the DOE did not address Joshua's unique needs and did not allow him to take advantage of educational opportunities.

18. The Hearing Officer further stated that by a preponderance of the evidence that the March 3, 2006 IEP denied Joshua a FAPE with regards to services related to transportation. The Hearings Officer also ruled on February 25, 2008, that the Parents are the prevailing party. A copy of that decision is attached hereto as Exhibit "A."

19. Plaintiffs are prevailing parties under the fee-shifting statute, 20 U.S.C. § 1415, and pursuant to the determination of the Hearings Officer and are entitled to all reasonable attorneys' fees and costs incurred in the prosecution of the administrative action and as incurred herein. That is, all fees for the administrative proceedings and all work related to this proceeding.

20. Despite repeated demands, Defendants have failed and refused to pay Plaintiffs' attorneys' fees and costs for the administrative hearing in the amount of $16,684.41; attorneys' fees and costs for the appeal in the amount of $9,719.02.

WHEREFORE, the Plaintiffs request that this court:

1. Assume jurisdiction over this case;

2. Enter a judgment in favor of the Plaintiffs and against Defendants in the amount of attorneys' fees and costs reasonably incurred in the administrative proceeding herein and the appeal;

3. Award to Plaintiffs the additional amount of attorneys' fees and costs incurred herein prosecuting this action; and

4. Enter such other and appropriate relief deemed necessary by this court.

DATED: Honolulu, Hawaii, April 14, 2008.

_____
STANLEY E. LEVIN

Attorney for Plaintiffs